G. W. Morgan, Executor, Complainant, Appellant, *v.*
D. T. Layne, Defendant, Appellee.

(*Nashville,* December Term, 1932.)

Opinion filed January 21, 1933.

J. T. RAULSTON and W. C. ABERNATHY, for complainant, appellant.

A. R. HALL, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This suit was brought by the executor of J. R. Morgan, deceased, in the Circuit Court on a note alleged to have been executed by Layne in settlement of a partnership. Pleas were interposed of *non est factum,* want of consideration, and mental incapacity. Following two trials, in one of which a verdict for plaintiff was had and set aside, and in the other a mistrial resulted, the Circuit

Judge, on his own motion, finding the case to involve an adjustment of somewhat complicated partnership accounts, entered an order transferring the case to the Chancery Court, over the objection of plaintiff. The Chancellor overruled a motion to strike the case from his docket. On this appeal this action of the Circuit Judge in ordering the transfer and of the Chancellor in taking jurisdiction is challenged, and this is the sole question here.

██ The transfer was made under the authority assumed to be conferred on Circuit Judges by Code (1932) Section 10329, Shan. 6074, reading as follows: *"Equity Causes.*—Any suit of an equitable nature, brought in the Circuit Court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the Chancery Court of the County or district, or heard and determined by the Circuit Court upon the principles of a court of equity, with power to order and take all proper accounts and otherwise perform the functions of a Chancery Court."

This section, brought into the Code of 1858 as Section 4236, is derived from "an act to regulate the course of practice of the Courts of Law in this State," being Chapter 152 of the Acts of 1852. That act simplified the law court practice in many respects, abolished various forms, liberalized amendments, provided for the bringing in of new parties, etc., etc. It was provided that the Supreme Court should not dismiss suits for want of jurisdiction over the subject matter in the trial court, except when the jurisdiction had been challenged by demurrer in the trial court. By Section 9 it was provided that "when any suit shall hereafter be brought in any of said courts of common law, if the defendant fail to

demur upon the ground that said court has no jurisdiction of the suit as a court of law, and the parties proceed to the trial thereof upon its merits before a jury, and should said court be of opinion that the parties to such suit are entitled to relief, either in a court of law or equity, said court shall have power to order said cause to be transferred, . . . or the court shall have power to hear and determine said suit upon principles of equity," etc.

Does the situation contemplated by our Code Section arise on the record before us, when this section providing for transfer is construed in view of the history of the legislation? It is apparent that the purpose was to preserve the procedural rights of the parties, when by inadvertence, a suit had been brought and proceeded with in a court of common law having no jurisdiction of the subject matter, and the defendant had failed to make the question by demurrer, which, if duly interposed, would have required dismissal of the suit. The provision for discretional transfer apparently had no application, unless jurisdiction was found to be wholly lacking in the court of common law. Consistently with this construction, in the early case of *Sewanee Mining Co.* v. *Best & Co.*, 40 Tenn. (3 Head), 701, it was held, as well expressed in the headnote, that "Section 4236 of the Code does not embrace cases where the Circuit and Chancery Courts have concurrent jurisdiction, but suits instituted in a court of law which are properly cognizable in a court of equity, and the defendant fails to demur." Says the Court: "In such a case the plaintiff shall not be denied the relief to which he is entitled upon the merits of his case, by the dismissal of his suit with costs," etc. It was to avoid this that the provision was made. And

the Court recognized the "general principle" that "the tribunal first taking jurisdiction should retain it,"—jurisdictional power existing. And, as particularly applicable here, it was said, "This was a complicated account, and on that ground, perhaps, may have been appropriate to a court of equity; but a law court was also competent to try it, and having obtained jurisdiction of the case should have retained and finished it, as it did."

That the purpose of this statute was primarily to provide relief to a plaintiff in the law court, when he had mistakenly chosen that forum, rather than to force him into another forum, is indicated by references to this statute in our earlier cases. *Hall* v. *Jacocks,* 5 Heisk., 84; *Lindsey* v. *Thompson,* 1 Bax., 464, 466. Judge SNEED, in *Smith* v. *Leonard,* 1 Shan.'s Tennessee Cases, 606, declares "it was passed in aid of the policy of the law to prevent multiplicity of suits, empowering the Circuit Court to retain the suit and decide it on equitable principles, without troubling the parties to resort to a special forum of equity jurisdiction,"—which would be the effect of the transfer in the instant case to the Chancery Court.

No recent reported case deals with this statute. It is likely that demand for action under it has been rare since the expansion by the Act of 1877 of the concurrent jurisdiction of the Chancery Court.

If the broad power of transfer exercised here in a case of clear concurrent jurisdiction should be recognized, another approved principle would be open to violation, namely, the right of a plaintiff litigant to elect his forum, a right often of value, in view of differences in procedure in courts of equity and law. We are not of opinion that the Code Section relied on confers authority to order a transfer where the Circuit Court has unquestioned jurisdiction.

Error is not assigned challenging this appeal as premature, and this Court has treated the cause as properly here, without ruling on this question, in view of the circumstances and state of the pleadings. The appeal was granted by the Chancellor under the discretionary power conferred by statute (Shan. Code, 4889), apparently treating the pleading filed raising the question of jurisdiction, although styled a plea, as in effect and substance a demurrer to the jurisdiction, the form of pleading approved for the making of this question. Gibson's Suits, Secs. 290-294; *Cory* v. *Olmstead,* 154 Tenn., 513, 516.

Courts of equity have wide discretion in disregarding the names and forms of pleadings, looking to the substance and effect,—in the interest of justice and the speeding of a determination of the merits. What was said by Mr. Justice NEIL in *Operating Company* v. *Chattanooga,* 128 Tenn., 196, has application, although the facts were not altogether as here: "Since the passage of the statute granting appeals from decrees or judgments overruling demurrers, the Court has occasionally felt at liberty to so far depart from the rule as to determine questions involved when the decision would greatly narrow the litigation and it was greatly to the interest of the parties." And, further, "It would be idle, in the present case, to send the parties back to the Chancery Court on a mere technical defect in the form of the presentation of the demurrers, when the points involved have been as fully discussed by counsel as if they had been presented with the highest technical accuracy."

Reversed and remanded.