MÉTROPOLITAN LIFE INS. CO. *v.* HUMPHREY.

(*Nashville.* December Term, 1933.)

Opinion filed April 3, 1934.

THOMAS, THOMAS & FOLTS, of Chattanooga, for plaintiff in error.

RANKIN, FRAZIER & ROBERTS, of Chattanooga, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The Metropolitan Life Insurance Company, referred to as insurer, issued a policy insuring Harold Humphrey, referred to as the insured, against accident resulting in disability continuously and wholly disabling him from performing any kind of duty pertaining to the occupation in which he was engaged at the time of the accident. The policy provided for payment of weekly benefits for the period of the disability. The insured was injured December 24, 1929, by an automobile accident in Florida. Insurer paid the weekly benefits until December 18, 1930, when a settlement was made and a receipt and release executed by the insured as follows:

"Received from the Metropolitan Life Insurance Company the sum of $262.50 to me in hand paid, which I voluntarily accept as in full and final settlement of any and all claims under accident policy #459892-AH issued to me October 21, 1929, which I now have or might hereinafter have against the said company by reason of any loss or disability arising out of bodily injury sustained on or about December 24, 1929, or at any time prior to the present date, and in consideration of the amount so paid I for myself and my heirs, executors and assignees, hereby forever release the said company of any and

all further claim on account of any loss sustained or any liability heretofore sustained or which I may hereinafter sustain by reason of the injury aforesaid or any complication arising from it. I make this settlement of my own free will in consideration of receiving from said company a sum of money considerably in excess of any amount due me from said company at the date hereof.

"H. M. HUMPHREY."

February 29, 1932, without referring to the settlement and release, the insured sued on the policy, alleging disability, and that the insurer had refused to pay the weekly benefits in arrears. The insurer pleaded accord and satisfaction grounded upon the receipt and release of December 18, 1930. By replication, the insured said that the disability existed and continued, that the release was not supported by a consideration and was executed by mutual mistake of fact. The insurer joined issue on the replication, and upon trial of the cause the jury found for the insured and that he was entitled to recover $25 a week from the date of the accident, December 24, 1929, until commencement of the suit February 29, 1932, less $1,412.50, including the $262.50 tendered, which the jury found "plaintiff was entitled to." Judgment was accordingly entered and on appeal affirmed by the Court of Appeals. The cause is here upon *certiorari* to the Court of Appeals.

Through the assignments of error it is insisted that the Court of Appeals erred (1) in declaring that under section 10329 of the Code, there being no demurrer to the declaration, the circuit court could retain jurisdiction and set aside the contract for mutual mistake of fact.

(2) In refusing to sustain the insurer's defense of laches.

(3)   In holding that the insured could avoid settlement for the alleged mutual mistake, not of a fact existent when the settlement was made, but a mistaken opinion predicated upon known facts as to the probable duration of the disability.

(4)   For refusing to reverse the judgment of the trial court upon the undisputed facts showing that the insured made the settlement with the insurer with knowledge of existing facts.

█   The circuit court was without jurisdiction to relieve against mutual mistake of fact.   The power to do that is intrusted to the courts of chancery.   But under section 10329 of the Code, when a matter for equitable cognizance is intruded by a pleading, and in the absence of a demurrer to that pleading, proper practice is for the circuit judge to either order the case transferred to a court of chancery or retain the case and try it according to the principles and practices of a court of chancery. *Sewanee Mining Co.* v. *Best,* 3 Head., 701; *Hall* v. *Jacocks,* 5 Heisk., 85; *Morgan* v. *Layne,* 165 Tenn., 513, 56 S. W. (2d), 161.

It appears from the undisputed evidence that insured's injury and the resulting disability were known to the insured and his physican, Dr. Newell, when the settlement was made.   It also appears from the undisputed proof that, contrary to the expectations of all parties, the disability continued and that it existed at the time of the trial.   The probable duration of the disability could not be known absolutely either to insured, his physician, nor to the insurer.   However, Dr. Newell and the insured, it appears, believed at the time that, as a result of treatments which were being administered and which had afforded relief, the insured's disability would be removed within a very short while.

Dr. Newell testified that he attended the insured continuously after the injury, and did everything possible to relieve the pain which existed in the lower region of the spine; and that on December 11, 1930, the insured was improved to such extent as to induce the belief that the damage done had been repaired and that he was in effect cured. Dr. Newell told representatives of the insurer that he felt quite encouraged over the status of the case.

Under these circumstances, the insured and the insurer made the settlement and the insurer executed the release. There is no suggestion of fraud or unfair dealing on the part of any one. It was testified by Dr. Newell that the insured had no broken bones, no dislocated joints, and no visible trauma, and that the disability resulted from pains that radiated from the region of the sacroiliac. The insured testified that in the accident the handle put there to raise the car window struck him in the back and caused the injury. Such are the facts known to the parties when the settlement was made under the belief that the elusive sacroiliac disturbance was at last under control and would be definitely removed within a short while.

■■ The doctrine of rescission for mistake of fact is an invasion of the rule that contracts voluntarily entered into are enforceable. But, when a mistake results from unconscious ignorance or forgetfulness of the existence or nonexistence of a fact, past or present, material to the contract, a court of equity will rescind. Pom. Eq. Jr., sec. 839; Kerr's Fraud and Mistake, 432. But it will not release a party from the consequences of voluntary compromises or speculative contracts made

with knowledge of the facts and which turn out differently from what was expected. 10 R. C. L., 302.

■■ Mutual mistake as to the nature or extent of injuries is considered good cause for avoidance of a settlement, but the mistake must relate to a past or present fact, not an opinion as to the result of the known fact. A mistaken guess or mistaken opinion as to how far into the future a disability from a known injury may extend would not justify a court in setting aside a settlement, as in this case where the insured and insurer, with knowledge of the facts and acting in good faith, rested the contract upon their opinion that the disability would end within the period covered by the sum paid in settlement of the policy. Where one assumes the chance, as insured did here, he is bound by the settlement. *Alabama & V. Ry. Co.* v. *Turnbull*, 71 Miss., 1029, 16 So., 346; *Dolgner* v. *Dayton Co.*, 182 Minn., 588, 235 N. W., 275; *Chicago & N. W. R. Co.* v. *Wilcox* (C. C. A.), 116 Fed., 913; *Davis* v. *Higgins*, 95 Okla., 32, 217 Pac., 193; *Lawton* v. *Railway Co.*, 91 S. Ct., 332, 74 S. E., 750.

*McIsaac* v. *McMurray*, 77 N. H., 466, 93 Atl., 115, L. R. A., 1916B, 769, and the accompanying annotations are not in conflict with the rules stated and applied here.

If the court should adopt and apply a rule contrary to that stated in the foregoing authorities and which we are constrained to apply to the facts of this case, no faith or security could ever adhere to the solemn acts of parties done in good faith and with knowledge of the facts.

Reversed, and suit dismissed.