McGEE et al. v. CARTER et al.—212 S. W. (2d) 902.

Eastern Section.   March 9, 1948.

Petition for Certiorari denied by Supreme Court, June 12, 1948.

Guinn & Mitchell and Walter Lee Price, all of Johnson City, for appellants.

Simmonds & Bowman, of Johnson City, for appellees.

GOODMAN, J. The original bill in this case was filed by five of the children of W. F. Carter, Deceased, of Washington County, Tennessee, seeking an injunction against the defendant, Nellie Marie Carter, former wife of Eddie Rogers Carter, another son of the late W. F. Carter, and against Betty Delores Carter, a minor,

daughter of the said Nellie Marie Carter and Eddie Rogers Carter. Subsequently the bill was amended so as to make the said Eddie Rogers Carter, an incompetent and an inmate of the Eastern State Hospital, a party defendant. Process was served upon the regular guardian of the latter and guardians ad litem were appointed for him and for Betty Delores Carter. A temporary injunction issued, restraining and prohibiting the defendant, Nellie Marie Carter and her attorneys, from further prosecuting a suit then pending in the Johnson City law court and from prosecuting any similar suit in any other court.

A demurrer challenging the jurisdiction of Chancery Court was interposed by the defendants, Nellie Marie Carter, Betty Delores Carter, and was overruled. It does not appear that the former subsequently filed answer; but no appeal was perfected in her behalf nor errors assigned and her participation in the cause, except in connection with the injunctive relief prayed and granted, is deemed immaterial to the issues presently under consideration. Formal answer was filed by the guardian ad litem for Eddie Rogers Carter, and an answer and cross bill was filed on behalf of the minor defendant, Betty Delores Carter. By her cross bill, this defendant seeks to have a deed, under which complainants assert title to certain property referred to in the record as the "Phillips Building" in Johnson City, set aside; and the rights and equities of the parties in and to said property declared and determined. Other pleadings and amendments thereto filed in this cause will be referred to as they become material to the issues herein discussed.

By the last Will and Testament of W. F. Carter, Deceased, the defendant, Eddie Rogers Carter, was devised

a life estate in said property known as the "Phillips Building", with the provision that, at his death, the same would go to the issue of his body, with a reversionary provision upon failure of such issue. Prior to the present action, the defendant, Nellie Marie Carter, filed suit for divorce in the Johnson City law court, therewith also seeking to have a deed to the "Phillips Building" from the State of Tennessee to the complainants herein, set aside. This property had been previously sold for taxes and bid in by the State. Complainants, defendants in the law cause, demurred to that petition principally upon the grounds that the petition was multifarious and that the law court was without jurisdiction. This demurrer was overruled by the Circuit Judge and the cause proceeded to a hearing with respect to the divorce phase of the action only. An absolute divorce was granted the petitioner and all other matters were reserved. Subsequent thereto, the other phase of the case came on for trial and certain issues of facts were submitted to the jury. In this, a mistrial resulted and that was the status of the law case at the time the original bill herein was filed.

The Chancellor in substance held that Harry Faw, one-time guardian for Eddie Rogers Carter as well as W. J. Carter, the latter's brother who had also handled the rentals for a period of time, had fully accounted for rentals derived from said property and that there had been no misappropriation or error of judgment on the part of either of them; that no advantage had been taken by the complainants or either of them of the defendants under disability and that no trust relationship resluted in the purchase of the property by the complainants.

Numerous errors are assigned on behalf of the appellants, Eddie Rogers Carter and Betty Delores Carter,

which may be generally considered as challenging (1) the Court's jurisdiction and (2) the Chancellor's determination concerning the validity and effect of the deed.

(1) There was a manifest misjoinder of actions in the law court and the same were appropriately severed by the Circuit Judge. In our opinion, the phase of the action relating to title to the property, as will be more particularly emphasized in subsequent discussions, involved matters peculiarly and exclusively within the jurisdiction of Equity. Code Sections 10325 and 10326, relied upon by appellants, are not considered applicable. The former pertains to the concurrent jurisdiction of Circuit and Chancery Courts in relation to "Divorce and Release of Trustees"; and the latter, to "Dower, Partition and Distribution". Section 10329 of the Code provides "Any suit of an equitable nature, brought in the circuit court, where objection has not been taken by demurrer to the jurisdiction, may be transferred to the chancery court of the county, or heard and determined by the circuit court upon the principles of a court of equity, with power to order and take all proper accounts, and otherwise to perform the functions of a chancery court." But the defendants in the law cause did demur and, in view of the matters involved, the Circuit Judge should have ordered a transfer. We concur, however, with the Chancellor that the complainants and cross defendants herein were extremely dilatory in pursuing their remedy. However this may be, it does not affect their rights here, although the penalty adjudged through taxation of costs is fully justified. Neither is the case of Morgan v. Layne, 165 Tenn. 513, 56 S. W. (2d) 161, 162, authoritative. The import of that decision was contained in the statement "We are not of opinion that the Code section relied on confers authority to order a transfer where the circuit

court has unquestioned jurisdiction.'' The Court in Metropolitan Life Insurance Company v. Humphrey, 167 Tenn. 421, 70 S. W. (2d) 361, simply followed the statute (Code Sec. 10329) in holding that in absence of a demurrer, the Circuit Judge could either order the case transferred or retain the same to be tried according to the principles and practices of a Court of Chancery; citing Sewanee Mining Co. v. Best, 40 Tenn. 701; Hall v. Jacocks, 52 Tenn 85; Morgan v. Layne, 165 Tenn. 513, 56 S. W. (2d) 161. In Cornelius v. Morrow, 59 Tenn. 630, the court affirmed the decree of the Chancellor overruling a demurrer to a bill to enjoin a judgment at law. The court in its opinion, said ''It follows that even if Cornelius could have availed himself of his legal grounds of defense at law, yet as this defense was not free from embarassment, and as he had a defense which was purely equitable, he had a right to resort to that, either with or without having first made his defense at law''. We think that in view of the complexities involved and the equitable interests which have arisen in connection with the subject matter of the controversy, the jurisdiction of the Chancery Court was both inherent and exclusive, Sec. 25, 30, Gibon's Suits in Chancery, 4th Ed. Moreover, the cross complainants are here invoking the jurisdiction of Court in seeking affirmative relief which would not have been available to them at law.

(2) Next we come to the matter of the administration of the incompetent's affairs and the validity and effect of the deed from the State of Tennesse to the complainants. In our opinion, the evidence fails to establish either misappropriation or error of judgment on the part of the regular guardian for Eddie Rogers Carter, or on the part of the latter's brother in his capacity as attorney or agent. We find no irregularity in the tax proceedings under

which the property was sold and bid in by the State.

A more serious question is raised with respect to the resulting effect of the deed under which the complainants assert title. There appears to have been no fraud practiced upon either of the cross complainants, nor does it appear that the purchase of the property by the complainants, was the culmination of any preconceived plan or design. Previous thereto the property had been sold for taxes and bid in by the State of Tennessee. In the spring of 1943, the county Tax Board of Washington County, acting in conjunction with the State Board, received an offer for said property from an independent source, in the amount of $4,000. The County Board, upon consideration thereof, recommended its sale for this amount; but in accordance with custom, the property was first offered at this price to members of the Carter family. The purchase thereof was undertaken by five of the brothers and sisters of the defendant, Eddie Rogers Carter. Although witnesses placed a wide range of valuation upon the property, we do not think that the amount paid by the complainants may be considered grossly inadequate or such as to affect the validity of the sale.

It is contended on behalf of the defendants and the cross-complainants that the complainants and cross-defendants bear a fiduciary or trust relationship to them which should be held to support a constructive trust to their benefit. We find no fiduciary relationship to have existed in connection with the purchase of the property from the State.

Another basis upon which constructive trusts have been held to arise is that growing out of a community interest. In Tennessee, it is held: "The general rule is that tenants in common 'cannot buy in the common prop-

erty at a tax sale, or foreclosure sale, or buy in an outstanding title or other overhead claim, except for the benefit of all' '', Perkins v. Johnson, 178 Tenn. 498, 160 S. W. (2d) 400, 401; Tisdale v. Tisdale, 34 Tenn. 596, 64 Am. Dec. 775; Hall v. McReynolds, 181 Tenn. 515, 181 S. W. (2d) 761. Now the relationship of tenants in common manifestly does not exist between the parties to this suit but the same principle has been applied with respect to other than strictly mutual interest; as for instance, between life tenants and remaindermen. Miller v. Gratz, 3 Tenn. App. 498; Bullock v. Peoples Bank, 351 Mo. 587, 173 S. W. (2d) 753; 33 Am. Jur. 972.

The complainants insist that they had no interest in the property whatever until they purchased it from the State. But even if it be said that they became holders of reversionary interests under the terms of the Last Will and Testament of their father, W. F. Carter, thereby establishing a community interest with the defendants, a matter which we are not here called upon to determine, a constructive trust would not result. For our courts have distinguished cases involving purchases in the nature of redemption from those wherein the period of redemption had expired. Clark v. Cantwell, 40 Tenn. 202; Keele v. Cunningham, 49 Tenn 288. Complainants did not acquire title at a tax sale, or by right or redemption, but by distinct purchase from the State of Tennessee. Their reversionary interest, if any, in the property had been extinguished, as had any relationship between them and the defendants through which an implied trust might have otherwise arisen. The State's title at that time was absolute, so that the deed to the complainants conveyed the fee unimpressed with any trust or contingency.

150

Even had the conveyance to complainants taken place prior to the ripening of the State's title, we do not feel that, in justice, we could revive the life estate. Even though we recognize that the cases involving the right of a remainderman to extinguish a life estate by purchase at a tax sale are not in complete accord, 33 Am. Jur., supra, 973, nevertheless, there can be circumstanes, as in the instant case, which warrant the affirmative view. In Tennessee, the life tenant is the one primarily obligated to pay taxes on property during such tenacy. Hadley v. Hadley, 114 Tenn. 156, 87 S. W. 250. This is true although the lien of taxes extends to the entire fee under our statutes. Code, Sec. 1331. Formerly the tax lien attached only to the life estate and a sale for taxes affected only this estate. Ferguson v. Quinn, 97 Tenn. 46, 36 S. W. 576, 33 L. R. A. 688. The proof shows that the defendant, Eddie Rogers Carter, for several years following the death of his father, failed to keep the taxes paid upon the property but spent the money derived from rental for other purposes; that he became addicted to drink and incompetent to handle his affairs. He was committed to the Eastern State Hospital and a guardian was appointed. Error in judgment on the part of the guardian in the application of the rental income derived from this property cannot be reasonably imputed in view of the circumstances. The tax encumbrance against the property is principally attributable to improvidence, neglect and waste on the part of the life tenant. There were periods of competency when he could and should have arranged for the discharge of the taxes or the redemption of the property following the tax sale at which the property was bid in by the State. We cannot see where the equity could exist in the present case which would dictate that the complainants, brothers and sisters of the

life tenant, should be imposed with a trust in his behalf when it clearly appears that he, through neglect and personal bad habits, permitted the property to be sacrificed; and thereby, not only forfeited his own estate therein, but that of his own child as remainderman. It has been held that, under certain conditions, a remainderman may, through the purchase of property at a tax sale, extinguish the life tenant's interest therein. 33 Am. Jur. 972, Annotation, 126 A. L. R. 871-2. In Duffley v. McCaskey et at., 345 Mo. 550, 134 S. W. 2d 62, 64, 126 T L. R. 853, the Court, quoting Judge Cooley on Taxation (Taxation, 4th Ed. Sec. 1439) said, ''But when one owes no duty to any other in respect to the land, it is not so clear upon what principle of equity or of estoppel such other is to set up, as against him, his neglect to perform in due season his duty to the state.'' The Court further said, ''Especially is this true where the equities are against the party asserting such neglect of duty to the state. The life tenant as pointed out owes the primary obligation for taxes. She was in possession and enjoyed the rents and profits. She failed in her duty to the remainderman. By her own neglect the remainder was endangered. From her own default the tax sale resulted. It would be manifestly unjust to rule that after such violation of duty on her part she can still assert that because of the duty of the remainderman to the public the puchase was merely a payment of the taxes so that her life estate remains preserved.'' And in Jinkiaway v. Ford, 93 Kan. 797, 145 P. 885, L. R. A. 1915E, 343, Ann. Cas. 1916D, 321, it was held that the remainderman might purchase a valid tax title to the exclusion of the life tenant. In Fox et al. v. Coon et al., 64 Miss. 465, 1 So. 629, the Court, treating the remaindermen as co-tenants, held that one of them, upon purchase of the

property at a tax sale securing a deed upon the State, held the fee as trustee for all the co-tenants, but that he was under no disability as to the life estate. We think that the equities of the present case justify the application of this principle. Although the unfortunate situation of the life tenant is recognized and he is to be pitied for his addiction and present circumstances, the record would not justify holding his claim to title as paramount to that of the complainants. But for the extinction of the remainder estate, complete after the two years for redemption had expired, a different situation might prevail as regards the minor, Betty Delores Carter. The complainants, if contingent reversioners or "alternate remaindermen", in a sense, would have held a common interest in the property with this defendant. To hold that a trust relationship at that time and under such circumstances existed, would be, in truth, not a new principle but rather an extension of an old one. We believe it to be in accord with the principles of equity and the intent of the general rule. But, as we have heretofore observed, the remainder estate of Betty Delores Carter became extinguished prior to the purchase of the property by the complainants; and whatever relationship may have previously existed is immaterial to the present issues.

We have also considered the status of this defendant cross-complainant with relation to tax liens and tax proceedings during her minority. No special protection is accorded an infant under the redemption statute. Although the general statute of limitations preserves the right of action of a minor until after the removal of disability, Code, Sec. 8574, and despite the fact that Chapter 193, Acts of 1919 (Sec. 103) Code Sec. 2932, relating to assessments for Road Improvement Districts, the right of redemption of lands is extended for the per-

iod of one year after the removal of the disability of an infant, the statute providing for the redemption of land sold for taxes (Acts 1937, Ch. 263, Sec. 1; Code Sec. 7736) contains no such exception. It does not appear that the redemption statutes have ever been extended by the Courts. "Although most tax redemption statutes contain saving clauses in favor of persons under legal disabilities, such as infancy, coverture or insanity, which give such persons, whose lands have been sold for taxes during the existence of such disability, a certain length of time after removal of the disability in which to redeem from the tax sale, in the absence of any such express saving clause, persons under disability are subject to the same limitation of time with respect to redemption as apply to persons sui juris." 51 Am. Jur. Sec. 1112; Annotation 65 A. L. R. 582.

It results therefore that the effect of the deed from the State was to vest the complainants with the legal title to the property, in fee.

The decree of the Chancellor is accordingly affirmed. Appellants will pay the costs of appeal.

McAmis and Howard, JJ., concur.

### Addendum

In its opinion filed in this case on March 17, 1948, this Court, considering the status of the minor defendant with relation to tax leins and tax proceedings during her minority, observed that no special protection was accorded an infant under the redemption statute. As therein indicated, this had reference to Code Section 7736. It is noted that Code Section 1610 provides: "No suit shall be commenced in any court of the state to invalidate any tax title to land after three years from the

time said land was sold for taxes, except in case of persons under disability, who shall have one year in which to bring suit after such disability is removed.''

The foregoing is by way of clarification only, and does not otherwise change or modify the opinion of this Court afore referred to in any particular.