298 F.2d 186
 Edith S. CROSS, Individually; Katherine Elizabeth Cross, Larry Cross, Ivan Cross and Linda Cross, Minors, Who Sue by Their Next Friend and Father, Earl S. Cross, Plaintiffs-Appellants,
v.
Robert Lee THOMPSON, Defendant-Appellee.
 No. 14508.
 United States Court of Appeals Sixth Circuit.
 January 29, 1962.
 
 1
 Carl E. Reischling, Knoxville, Tenn., Charles Maner, Knoxville, Tenn., on brief, for appellants.
 
 
 2
 Erby L. Jenkins, Knoxville, Tenn., Ray L. Jenkins, Knoxville, Tenn., Ivo Sanders, Loudon, Tenn., on brief, for appellee.
 
 
 3
 Before WEICK and O'SULLIVAN, Circuit Judges, and DARR, Senior District Judge.
 
 
 4
 DARR, Senior District Judge.
 
 
 5
 The verdict of the jury in this case awarded damages to each of the appellants for injuries received in a two-car collision. For review is a judgment overruling a motion for a new trial which was based upon the claim that the damages were inadequate.
 
 
 6
 Mrs. Cross', the mother, injuries were a badly bruised face, small fractures of bones in the nose and in the face, and she recovered satisfactorily. She was awarded $250. Kathy, the baby, was eight months old at the time she was injured, which injury resulted in her being in a semi-comatose condition and temporarily paralyzed on her right side. She recovered and became a healthy normal child physically. Effort was made to show permanent mental impairment but the amount awarded reveals that the jury rejected this contention. Her damage was fixed at $1,000. Larry Cross, three years old, received multiple lacerations to the face and on the forehead, requiring stitches, and a fracture of his femur. He recovered with no permanent injuries, except for insignificant scars. The jury gave him damages in the sum of $500. Ivan Cross, four years old, had a slight cerebral concussion and laceration on his forehead that had to be sutured, leaving a very slight scar. He was given $450. Linda, age seven, was the least injured. She had lacerations and contusions on her face and slightly bruised on her body. She was observed at the hospital and dismissed. The amount the jury returned for her was $150.
 
 
 7
 The expenses for the hospital and medical care for the appellants were obligations of the husband and father, Earl S. Cross, who was a plaintiff in the lower court and received an adverse verdict. Thus, the only element of damages for these appellants was for pain and suffering.
 
 
 8
 There is no measure by which the amount of damages for pain and suffering can be ascertained. In reality, the translating of pain and suffering into money is the result of conjecture permitted by law. A legal encyclopedic work has collated the authorities to sustain that, "However, where there is no standard for measuring damages, and no certain rule can be prescribed for the guidance of the jury, the court should not ordinarily grant a new trial, although the damages awarded by the jury may appear to be inadequate. In such a case the measure of damages must be left to the discretion of the jury, nor should their verdict be disturbed except where it has been plainly produced by prejudice, passion, or other improper motive." 39 Am. Jur. § 146, pages 152, 153.
 
 
 9
 In determining whether a verdict is inadequate the whole circumstance of the case should be investigated. In this case the jury heard the proof, observed the appellants and were thereby aware that they were a mother and four small children, one a baby, abandoned by a trifling husband and father, it being necessary to farm the children out, and all were obviously much below average economically, socially and intellectually. Knowledge gained by human experience and the culture of our civilization rebels against the thought that the jury would have reduced the amounts given these appellants by reason of prejudice, passion or other improper motive.
 
 
 10
 The granting or denying of a motion for a new trial is within the discretion of the trial judge. Under the practice generally courts are understandably reluctant to overturn jury verdicts on the grounds that they are inadequate or excessive. This principle has more force when the appellate court is called upon to review a judgment granting or denying a motion for a new trial. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129; Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Bryant v. Mathis, 107 U.S.App.D.C. 339, 278 F.2d 19; Montgomery Ward & Co. v. Morris, 273 F.2d 452 (C.A. 6); Werthan Bag Corp. v. Agnew, 202 F.2d 119 (C.A. 6); Prewitt-Spurr Mfg. Co. v. Woodall, 115 Tenn. 605, 90 S.W. 623; Hunt v. Hoppe, 22 Tenn.App. 540, 124 S.W.2d 306.
 
 
 11
 The established law and the circumstances outlined above convince us that the District Judge did not abuse his discretion in overruling the motion for a new trial.
 
 
 12
 Accordingly the judgment is affirmed.