IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

# BURMAH KAYE GREEN AMONETTE v. EUGENE JUNIOR AMONETTE

**Direct Appeal from the Chancery Court for Putnam County**
**No. 98-47     Vernon Neal, Chancellor**

---

**No. M1999-01283-COA-R3-CV - Decided May 25, 2000**

---

This appeal arises from the trial court's refusal to grant the appellant's request for the continuance of a divorce proceeding. The appellant contends that there was no reliable evidence at the trial to establish his income and, as a result, the trial court could not reach a fair judgment. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

William L. Draper, Cookeville, Tennessee, for the appellant, Eugene Junior Amonette.

Donna Simpson Massa, Cookeville, Tennessee, for the appellee, Burmah Kaye Green Amonette.

**OPINION**

The parties were married in October of 1991 and the appellee filed a complaint for divorce in February of 1998. There were no minor children born of the marriage. At the time of the divorce, the appellant was the sole proprietor for a check cashing business and a partner in I'Deal Motors and a U-Haul renting service. At trial, the appellee submitted a personal finance statement dated January 26, 1998 and signed by the appellant which stated that the appellant received a salary of $24,000.00 from I'Deal Motors. During the marriage, the appellee worked in human resources and had a gross income of $25,000.00 to $30,000.00 per year.

The divorce proceeding was heard on December 17, 1998. On December 15, 1998, and again during the trial, the appellant's attorney requested a continuance of the matter arguing that there was no reliable evidence as to the appellant's income. The trial court denied such requests. After the hearing, the trial court divided the marital property, determined that the appellant would pay the appellee $30,000.00 for the appellee's interest in the marital property and ordered that the appellant pay $3,500.00 of the appellee's attorney fees as alimony in solido. The appellant now appeals the trial court's refusal to grant him a continuance.

It is well-established that the decision to grant or to refuse a continuance is a matter within the sound discretion of the trial court and will not be reversed absent a clear showing that the court has abused its discretion in some way. *Morrow v. Drumwright*, 304 S.W.2d 313, 315 (Tenn. 1957). "Whether a continuance should be granted is determined 'on the basis of the diligence or lack of same.'" *Barber & McMurry, Inc. v. Top-Flite Development Corp. Inc.*, 720 S.W.2d 469, 471 (Tenn. Ct. App. 1986) (citations omitted). In order to show an abuse of discretion, a party has the burden to "show some prejudice or surprise which arises from the trial court's failure to grant the continuance." *Commissioner of the Dept. of Transportation v. Hall*, 635 S.W.2d 110, 111 (Tenn. 1982).

The appellant contends that there was no reliable evidence at trial that established his income and, as such, no fair judgment could be reached by the trial court. In support of this argument, the appellant points to the affidavit of his accountant, Sam Sandlin, which states that although Mr. Sandlin agreed to try to have the appellant's income tax returns for the years of 1996 and 1997 prepared before October of 1998, Mr. Sandlin was unable to do so. Instead, Mr. Sandlin provided the appellant with his 1996 income tax return on the afternoon of the day before the trial. Mr. Sandlin admitted that the appellant had made repeated requests for such documents. Nevertheless, at trial the appellee introduced a personal financial statement dated January 26, 1998 and signed by the appellant which stated that he received a salary of $24,000.00 from I'Deal Motors. In addition, a loan application dated June 10, 1998 and signed by the appellant was introduced by the appellee and stated that the appellant had a monthly gross income of $2,980.00. Various other documents submitted by the appellee set out the value of real estate owned by the appellant, the value of his household furnishings, the net worth of the appellant's check cashing business, and the gross sales and rental proceeds from January of 1996 through July of 1998 of I'Deal Motors and the U-Haul rental business.

In light of the evidence that was introduced at trial regarding the appellant's salary and assets and the fact that the appellant has failed to establish that the result of the trial would have been different if he had been granted a continuance, we cannot find that the trial court abused its discretion in refusing to grant the appellant's request for a continuance. *See City of Morristown v. Sauls*, 457 S.W.2d 601, 603 (Tenn. Ct. App. 1969).

The judgment of the trial court is affirmed and the cause remanded to the Chancery Court for Putnam County for any further proceedings necessary. Tax the costs on appeal to the appellant, Eugene Junior Amonette.