BROWDER *v.* BROWDER.

*(Jackson,* April Term, 1949.)

Opinion filed June 10, 1949.

HEATHCOCK & ELAM, Union City, JAMES WARREN, Fulton, Kentucky, for plaintiff in error.

MILES & MILES, Union City, for defendant in error.

Mr. Justice Tomlinson delivered the opinion of the Court.

Mrs. Browder alleged in her petition filed against her husband in the Circuit Court that he had been guilty of certain acts of cruelty detailed in the petition, and for the third time had driven her from their home with the direction that she never return; hence, that she, with their thirteen year old child, was living apart from him. The petition states that they have been married since 1923, and that she is in such delicate health as to be under the care of a physician. She prayed the entry of a decree against him for the "proper support and maintenance" of herself and this child. She did not pray for either limited or absolute divorce.

Mr. Browder demurred to this petition on the ground that the Circuit Court is without jurisdiction because of the absence of a specific prayer for a divorce of any kind. Mrs. Browder promptly sought to amend her petition by adding thereto (1) an allegation that the facts alleged entitled her to a divorce from bed and board and (2) a specific prayer for such a divorce.

On the same day that Mrs. Browder sought to so amend her petition, the Circuit Judge entered an order sustaining the demurrer and dismissing the petition on the ground that the Circuit Court was without jurisdiction "under the original bill", and disallowed the motion to amend because it was "offered after the filing of the demurrer". Mrs. Browder has appealed, and assigns all this action of the Circuit Court as error.

The position of defendant in error husband is that (1) our Circuit Courts do not have jurisdiction of an independent suit for separate maintenance where no

divorce is "sought", and (2) since that Court "did not have jurisdiction of the case as filed" for the first reason stated, it was without jurisdiction to "permit an amendment after sustaining defendant's demurrer to petition".

In support of the husband's position an excellent discussion is had as to the common law and the development thereof on this subject. This discussion proceeds upon the idea that we have no statute giving the Circuit Court jurisdiction of this matter said in the brief to be of a purely equitable nature.

As to such equitable nature of the matter, it is a fact that all "divorce cases, whether heard by a circuit judge or a chancellor, are in the nature of chancery suits". *Broch* v. *Broch*, 164 Tenn. 219, 222-223, 47 S. W. (2d) 84, 85. Nevertheless, such a "suit is *sui generis*. The procedure is largely controlled by statute." *Lingner* v. *Lingner*, 165 Tenn. 525, 530, 56 S. W. (2d) 749, 751.

Our statutes on the subject are codified under Title 4, Article II of our Code entitled "Divorce". These statutes are carried thereunder in Code sections 8426-8454. Code section 8429 directs the filing of the petition either "in the chancery or circuit court". This Code section is a codification of chapter 26, section 3 of the 1835 statute. Section 19 of the 1835 statute is carried in Code sections 8445 and 8446. Any authority given to the chancery court by Code section 8429 to carry out the provisions of Code sections 8445 and 8446 are necessarily given likewise by Code section 8429 to the circuit court, since that section gives identically the same authority to both courts.

Code section 8445 authorizes not merely a decree of divorce or separation, perpetual or temporary, but also "such other decree as the nature and circumstances of the case require". By Code section 8446 the Court is au-

thorized to decree support and maintenance of the wife and her children whether the marriage be dissolved or separation be decreed. Whatever decree the chancery court is authorized to enter under those two Code sections is a decree which, *ipso facto*, the Circuit Court is authorized to enter by reason of Code section 8429 from which section each Court derives its authority with reference to sections 8445 and 8446 of the Code.

Our present Code sections 8445 and 8446 were carried in the 1858 Code as Code sections 2467 and 2468. This Court had those code sections under consideration in *Nicely* v. *Nicely*, 40 Tenn. 184, 187, and with reference to those Code sections held this:

"The power of a Court of Equity to decree a suitable maintenance to the wife, in a case like the present, is not merely incidental to a decree of divorce or separation, but it is a distinct and independent power conferred upon the court, and to be exercised, in proper cases, although no divorce or separation be decreed. And if, in a case where a decree of separation is sought, but fails, the court may, nevertheless, proceed to decree a separate maintenance, or alimony, to the wife; *surely the same decree may be made, in a proper case although no divorce or separation be asked for, but simply alimony, or a separate maintenance.* Upon this point there can be no doubt, on any fair construction *of the statute.* The same provisions are substantially incorporated into the Code, sec. 2467, 2468." (Now code sections 8445 and 8446.) Emphasis ours.

Said Code sections 2467 and 2468 of the 1858 Code, being sections 8445 and 8446 of the 1932 Code, were likewise under consideration in *Swan* v. *Harrison*, 42 Tenn.

534, page 543, 544, wherein the Court held with reference to these code sections as follows:

. *"Under the broad and comprehensive provisions of these statutes,* the wife as in the case of *Nicely* v. *Nicely,* 3 Head 184 [40 Tenn. 184], on a proper case made out, may, through the intervention of a court of chancery, have a suitable maintenance decreed to her out of her husband's estate, even without an application for a divorce or decree of separation. But this right arises out of the marital relation, and the obligation of the husband to support and maintain his wife, so long as she remains unaffected by misconduct, and the conjugal relation exists. In such a case the *power is conferred upon the courts of equity by statute,* and it comes in the place of the common law remedy." Emphasis ours.

This *statutory authority* of a court of equity to which the Court refers in *Swan* v. *Harrison, supra,* is vested in this Court of Equity by the statute carried in Code section 8429. That Code section vests in the Circuit Court identically the same authority as it does in the Chancery Court. It, therefore, follows that if the Chancery Court by virtue of the statute carried in these code sections is empowered to decree simple alimony or separate maintenance, *although no divorce or separation be asked for* as held in *Nicely* v. *Nicely,* and *Swan* v. *Harrison, supra,* then the same power is vested in the Circuit Court, since this statute vests the same authority in each court. *Toncray* v. *Toncray,* 123 Tenn. 476, 484, 131 S. W. 977, 34 L. R. A., N. S., 1106, Ann. Cas. 1912C, 284, taking note of the holding in *Nicely* v. *Nicely, supra,* held that under "our statute there is—no absolute connection between divorce and alimony".

■ We conclude that our statute carried in Code sections 8429-8446 vests in the Circuit Court jurisdiction to entertain a wife's suit for separate maintenance, although no divorce of any character be asked. The learned trial judge erred in holding to the contrary, and in sustaining the demurrer and disallowing the amendment offered by Mrs. Browder.

Reversed and remanded for further appropriate proceedings with costs adjudged against the defendant in error, Robert Browder.

All concur.