WILLIAM C. STEPHENSON

*v.*

MILDRED AILEEN STEPHENSON.

(*Nashville,* December Term, 1956)

Opinion filed February 8, 1957.

IRVING M. STRAUCH, and STRAUCH & JONES, Memphis, for plaintiff in error.

FRIEL HASTINGS, Memphis, for defendant in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This is a divorce proceedings with no children involved. The original complainant below, William C. Stephenson, filed his original bill seeking an absolute divorce. The defendant wife filed an answer and cross-bill seeking an absolute divorce and separate maintenance. Later the defendant wife amended her cross-bill by striking therefrom the only statutory ground for di-

vorce laid in the cross-bill. This left the cross-bill without either a prayer for divorce or a statutory ground for divorce. The prayer for divorce was stricken out by order authorizing such amendment before trial.

In the final decree the trial judge found that the original bill of complainant was not sustained by the proof and should be dismissed without prejudice, but that the allegations of the cross-bill were sustained by the proof and the relief prayed therein should be granted and separate maintenance should be awarded to cross-complainant.

Thereupon separate maintenance was granted and no appeal was taken from the final decree by the complainant, who is the appellant here. Complainant's original bill was dismissed. There was no provision in the final decree generally retaining the cause in Court.

About nine months after the entry of the final decree the complainant and cross-defendant filed a "petition to make divorce absolute."

To this petition cross-complainant, the wife, filed an answer setting up that no divorce of any kind had ever been granted in the first place; the final decree had not been appealed by cross-defendant and that it was final as to the facts then adjudicated.

At the hearing of the motion to dispose of the above petition the trial judge dismissed the petition stating in the order that he did not have jurisdiction to grant any such relief as petitioner had prayed. This appeal resulted.

So then the question presented here is whether the cause being in court on the cross-bill as to separate maintenance, a divorce could be legally granted by the court.

The appellee here and defendant below insists there are no grounds for divorce in the cross-bill.

"The jurisdiction to grant divorces is statutory; and the grounds of divorce are statutory; and, in consequence of the interest the community has in the enforcement of all marital obligations, the Court is always careful, not only to keep within the limits of its jurisdiction, but to require the complainant to allege and prove everything necessary to clearly justify the divorce prayed." Sec. 1136, Gibson's Suits in Chancery—Fifth Edition. *Browder v. Browder,* 188 Tenn. 488, 221 S.W.2d 526.

"In this state, the causes for divorce are prescribed by statute and the Courts have no power to grant a divorce except for the causes thus prescribed." *Russell v. Russell,* 3 Tenn. App. 232; *Stargel v. Stargel,* 21 Tenn. App. 193, 107 S.W.2d 520.

Furthermore it appears there is no prayer for divorce in the cross-bill.

In *Bevil v. Bevil,* 8 Tenn. App. 490, wherein separate maintenance only was sought, the Court said:

"This is a suit for separate maintenance—not for divorce. The two are entirely distinct. One seeks dissolution of the marriage ties, the other an affirmance. The one seeks to disaffirm the marriage relation, the other seeks to affirm it. The prayer in a suit for separate maintenance is never a prayer for divorce, either a *vinculo* or *mensa et thoro.*"

The original complainant and appellant here relies upon the case of *Lingner v. Lingner,* 165 Tenn. 525, 56 S.W.2d 749, as supporting his contention that the Chan-

cellor should have decreed the complainant an absolute divorce upon his finding that there was no longer any hope for reconciliation between the parties. We do not think *Lingner v. Lingner* is controlling here. In that case the complainant had prayed for a divorce from bed and board upon the grounds of cruel and inhuman treatment, and the question was whether the Chancellor was authorized to enter a decree for absolute divorce, or whether the decree should be limited to a decree from bed and board, as prayed for; and it was held that since it appeared the mutual feelings of the parties had reached such a degree of hostility as to make a reconciliation impossible, and that a limited divorce would only prolong a bad situation which society had no interest in preserving, the discretion of the Court should be exercised in favor of making the divorce absolute.

But a different situation presents itself here. The complainant, in her bill did not pray for a divorce, either from bed and board or from the bonds of matrimony, and did not plead any one of the statutory grounds of divorce; but on the contrary, averred that she was not seeking a dissolution of the marirage ties, but an affirmation of them; and her prayer was for separate support and maintenance.

We think it would be extending the doctrine of the Lingner case too far to hold that an absolute divorce should be decreed on a separate maintenance suit in which no ground for divorce is plead, merely because it appears that there is no hope of reconciliation between the parties. The right of the wife to a separate support and maintenance is founded upon the obligation of the husband to support the wife and is in no sense dependent

upon the divorce statutes. It is true that the relief is frequently granted as an incident to a divorce proceeding. But it is well settled that the chancery court has the inherent power, independent of statute, to grant the relief in proper cases, where a divorce is not sought or in which the complainant is not entitled to a divorce. *Cureton v. Cureton,* 117 Tenn. 103, 96 S.W. 608; *Roberts v. Roberts,* 22 Tenn. App. 651, 125 S.W.2d 199.

We are therefore of the opinion that the Circuit Judge was correct in holding that he had no jurisdiction under the facts presented in this record to grant a divorce.

It results that the judgment of the lower court is affirmed.