30

BETTY JO KRUSENKLAUS, Plaintiff in Error,

*v.*

MILDRED C. HOLLAND, Defendant in Error.

406 S.W.2d 163.

(*Knoxville,* September Term, 1965.)

Opinion filed June 13, 1966.

Petition for Rehearing Denied September 23, 1966.

FRANCIS W. HEADMAN and MAX M. MORRISON, Knox-ville, for plaintiff in error.

STONE & BOZEMAN, Knoxville, CECIL D. MEEK, JR., Knoxville, of counsel, for defendant in error.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Circuit Court of Knox County, Tennessee. On August 9, 1965, William H. Holland filed an original bill seeking a divorce from Mildred C. Holland. On October 8, 1965, Mildred C. Holland filed

an answer and cross-bill. In this cross-bill, Mildred C. Holland also named Betty Jo Krusenklaus as a cross-defendant, alleging that the title of record to certain property was in Mrs. Krusenklaus, but that this title should be set aside as this was merely a device by which William H. Holland, cross-defendant and original complainant, was seeking to conceal said property; that said William H. Holland was, in fact, receiving all the benefits of this property and was, in reality, the owner of said property. Service was had upon Betty Jo Krusenklaus, by attachment and publication.

On October 22, 1965, Betty Jo Krusenklaus filed a demurrer, which is as follows:

"Comes Betty Jo Krusenklaus, and demurs to the attachment filed in the within cause,

1st. Because she is not a proper party, having no interest in the subject matter of this suit and not liable to the cross-complainant in any way.

2nd. Because the cross-bill on its face, shows that it attempts to set aside or rescind a deed to property belonging to demurrant and this Court has no jurisdiction in such litigation.

3rd. Because the cross-bill on its face shows a definite misjoinder of parties in that demurrant has no interest in the divorce contest between the parties to the suit. 4th. Because the grounds on which the attachment are based are false since the defendant and cross-defendant have no interest in the said property which was conveyed to demurrant by both parties.

Wherefore demurrant prays the judgment of the Court whether she must answer further and prays to be hence dismissed."

On January 24, 1966, the trial court entered an order overruling this demurrer and granting a discretionary appeal to this Court. This appeal has been timely perfected.

The Assignments of Error are as follows:

"Betty Jo Krusenklaus, the plaintiff in error, or appellant, says that the trial court was in error, (1) in failing to sustain the demurrer in each and every particular stated therein; (2) in holding that the court had jurisdiction of the appellant or her property; (3) in permitting the appellant to be joined as a party in the divorce action; (4) in permitting the cross complainant, Mildred C. Holland, to make any claim against the property of Betty Jo Krusenklaus, since the record shows that it was either bought by Betty Jo Krusenklaus with her own money, or voluntarily conveyed to her by William H. Holland and Mildred C. Holland, the original parties to the divorce action."

▇▇ The sole question presented to this Court is whether or not the trial court was in error in overruling the cross-defendant Betty Jo Krusenklaus' demurrer. This demurrer to the cross-bill poses the problem in terms of whether or not Mildred C. Holland, as cross-complainant, states a maintainable cause of action. This is to be tested by long established rules, (1) that demurrers are not favored, and (2) that as against demurrer, every reasonable intendment will be indulged in favor of the pleading tested by demurrer. Testing the cross-bill by these rules, in light of cross-defendant's demurrer, we find that the cross-complainant, Mildred C. Holland, seeks a divorce and alimony from the defendant William H. Holland, upon the grounds alleged, which, if proved, would support the award of both divorce and

alimony. The second aspect of this cross-bill brings into the cause the cross-defendant Betty Jo Krusenklaus; and seeks to set aside certain deeds of land originally owned by William H. Holland, to Betty Jo Krusenklaus. The ground is, broadly speaking, that these deeds were entered into for the purpose of wrongfully insulating the cross-defendant William H. Holland from the just claims of his wronged spouse, the cross-complainant.

The Circuit Court in this cause of action is exercising equity jurisdiction and powers. See *Browder v. Browder* (1949) 188 Tenn. 488, 221 S.W.2d 526.

■ The first three grounds of this demurrer are simply not well taken. They are met at the threshold by prior decisions of this Court, such as *Nix v. Nix.* (1873) 57 Tenn. 546; *Boils v. Voils* (1860) 41 Tenn. 284, and *Brooks v. Caughran* (1859) 40 Tenn. 464.

The first three assignments of error raise the same subject matter as the first three grounds of the demurrer.

■ The fourth assignment of error complains of the lower court's action in permitting claims against the property of Betty Jo Krusenklaus, since ''the record shows that it was either bought by Betty Jo Krusenklaus with her own money or voluntarily conveyed to her by William H. Holland and Mildred C. Holland, the original parties to the divorce action.'' Suffice it to say here that the facts upon which this assignment is predicated nowhere appear in the cross-bill of Mildred C. Holland; such facts appear nowhere but in complainant William H. Holland's original bill. This, of course, is not before us for disposition at this stage of the case.

■ It may be said that the cross-bill in this cause leaves much to be desired, both in its statement of the

substantive grounds, which make the deeds in question susceptible of rescission, and in the statement of the essential elements of a case of the character here involved. Nonetheless, in our view, these frailties do not render the cross-bill dumurrable.

The judgment of the trial court, overruling plaintiff in error's demurrer, is affirmed, and the cause is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed against Betty Jo Krusenklaus.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.

### Opinion on Petition to Rehear

MR. JUSTICE CRESON.

Betty Jo Krusenklaus has timely filed a petition to rehear. The petition urges that this Court erred in holding that the trial court, a Circuit Court, had jurisdiction to determine the rights and interests of plaintiff in error in certain real property, title to which it was admitted was in her. The theory of the cross-bill filed against Mrs. Holland's husband and plaintiff in error was that the deeds, placing title in plaintiff in error, were void for the reasons alleged in the cross-bill. The cross-bill sought to have them set aside. The property was before the Court under attachment and publication for plaintiff in error.

To support the insistence made by the petition to rehear, great reliance is placed upon the recent opinion of this Court in *Pan-O-Ram Club, Inc. v. State ex rel. Davis* (1965) 217 Tenn. 137, 395 S.W.2d 803, and *McGee v. Carter* (1948) 31 Tenn.App. 141, 212 S.W.2d 902. The

difference between the case of *Pan-O-Ram Club, Inc. v. State,* supra, and the case at bar, is entirely plain. That case involved a quite narrow and limited statutory vesting of jurisdiction in a Criminal Court, concurrent with the Chancery Court, for abatement of public nuisance.

Quite to the contrary, the case *sub judice* involves a broad and general delegation of equity jurisdiction to the Circuit Court, concurrent with the Chancery Court, of the subject of domestic relations and child support. This is clear, upon consideration of the Tennessee statutes so ably delineated in the opinion of this Court in *Browder v. Browder* (1949) 188 Tenn. 488, 221 S.W. 2d 526. Necessarily, when the Circuit Court is given broad and general concurrent equity jurisdiction with the Chancery Court, the equitable maxim relating to equity having taken jurisdiction for one purpose is properly invoked. Anything appearing to the contrary in the case of *McGee v. Carter,* supra, is simply not the law of this State.

Petition to rehear denied.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.