Ruth McCLURE, Individually and as
Administratrix of the Estate of
Rhubel M. McClure, Plaintiff/Appellant,

v.

R.C. STEGALL and Barbara Stegall, Executors of the Estates of Florence McClure and Homer J. McClure, Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

March 6, 1987.

Permission to Appeal Denied by
Supreme Court May 4, 1987.

Edwin C. Townsend, Sr. and Edwin C. Townsend, Jr., Parsons, for plaintiff/appellant.

Whit Lafon, Jackson, for defendants/appellees.

HIGHERS, Justice.

Rhubel M. McClure died intestate on April 5, 1984, as a result of injuries sustained in an automobile accident. The plaintiff, Ruth H. McClure, is the surviving spouse and sole heir of Rhubel McClure, and is serving as the administratrix of his estate.

Rhubel, age 68 at the time of his death, was also survived by his parents, Homer and Florence McClure, both of whom were in their nineties. Approximately four months after Rhubel's death, on July 31, 1984, Homer McClure died, leaving a will in which he devised his entire estate to his wife. Twelve days later, on August 12, 1984, Florence McClure also passed away. She left a will in which her entire estate was devised to collateral kin. The defendants, R.C. Stegall and Barbara Stegall, are co-executors of the estates of Homer and Florence McClure.

The plaintiff married Rhubel McClure on November 12, 1975. They lived together for less than three years, separating on October 11, 1978. At that time Rhubel moved in with his parents, with whom he lived until his death. After the separation, the couple remained on relatively amicable terms. On May 14, 1983, after having lived apart from her husband for over four and a half years, the plaintiff filed for divorce on the grounds of cruel and inhuman treatment. Rhubel was killed before the divorce complaint was ever heard.

This action was brought by the plaintiff, individually and in her capacity as administratrix of her husband's estate, for possession of various certificates of deposit (CDs), totaling $158,671.85, that allegedly belonged to Rhubel at the time of his death. The defendants contend that as the CDs are in the name of Florence McClure, and were found in safety deposit boxes belonging to Florence and her husband jointly, they are the property of her estate.

It is undisputed that the funds represented by the CDs were provided by Rhubel McClure, and that they were originally in his own name. The defendants' position is that Rhubel placed the CDs in his mother's name with the intention of making a gift.

The plaintiff alleges various theories of possession. First, under the authority of T.C.A. § 31–1–105, she claims that Rhubel fraudulently transferred the CDs to his mother with the intent to defeat his wife's distributive share of his estate. Second, it is alleged that Rhubel fraudulently transferred the CDs with the intent to defeat her right to alimony and support. She, therefore, requested that the trial court declare the CDs held in a constructive trust, or alternatively, a resulting trust, for her benefit.

The trial court found that there was insufficient proof of any fraud, and that Rhubel had effectively placed the CDs in question under the ownership of his mother; the CDs were therefore part of the estate of Florence McClure. The plaintiff has appealed.

We will first address the plaintiff's allegation, that her husband's conveyance of the CDs was intended to defraud her of her right to alimony and support.

As stated previously, the trial court found the proof insufficient to establish that Rhubel McClure intended fraudulently to defeat his wife's rights. We are of the

opinion, however, that the complaint fails to state a claim in this respect upon which relief can be granted.

An otherwise valid conveyance is void if it is made with the "intent or purpose to delay, hinder, or defraud *creditors* ...," T.C.A. § 66–3–101 (emphasis added). Thus, any *creditor* of the grantor may sue to have the fraudulent conveyance set aside. T.C.A. § 29–12–101. Ruth McClure cannot be considered a creditor of Rhubel McClure.

As the plaintiff points out in her brief, a court of equity in Tennessee has the power to set aside fraudulent conveyances that are made with the intent to defeat a spouse's right to alimony. *Nix v. Nix*, 57 Tenn. 546 (1873); *Taylor v. Taylor*, 6 Tenn.Civ.App. 268 (1915). This is because a husband or wife who is entitled or who may become entitled to alimony is considered a creditor of his or her spouse. *See Boils v. Boils*, 41 Tenn. 284 (1860); *Taylor, supra*, 6 Tenn.Civ.App. 268. The key is that the spouse's right to set aside a fraudulent conveyance is dependent on the existence of the right, whether actual or potential, to alimony. The spouse acquires this right to alimony, thus assuming the status of creditor, only when he or she receives a decree awarding alimony, *see Edwards v. Edwards*, 713 S.W.2d 642 (Tenn.1986) or when a valid claim for alimony is pending, *see Krusenklaus v. Holland*, 219 Tenn. 30, 406 S.W.2d 163, 164 (1966).

The purpose of allowing a spouse who has only a pending claim for alimony to set aside a conveyance as fraudulent is to assure that the property conveyed will be available to draw upon if a support award is made. In the case before us, the divorce suit and claim for alimony abated on the death of Rhubel McClure. *Swan v. Harrison*, 42 Tenn. 534 (1865). Thus it is clear that as the possibility of an award of alimony has been totally precluded, the potential for injury no longer exists.

Whether the plaintiff would have been entitled to alimony is purely speculative. In order to allow the plaintiff to set aside the conveyance of the CDs, it would be necessary to presume that had the divorce gone to trial, the judge in the exercise of his discretion would have awarded alimony; this we cannot do. Therefore, we hold that the allegedly fraudulent transfer of the CDs cannot be challenged on the grounds that it was intended to defeat the plaintiff's right of alimony and support.

We next turn to the plaintiff's allegation that Rhubel McClure transferred the CDs to Florence McClure with the intent to defeat his wife of her distributive share of his estate.

T.C.A. § 31–1–105 specifically provides that a conveyance made fraudulently with an intent to defeat the surviving spouse of his or her distributive share is voidable at the election of the surviving spouse. In order to determine whether the donor-spouse had a fraudulent intent, all of the facts and circumstances surrounding the transfers must be considered. *Warren v. Compton*, 626 S.W.2d 12, 17 (Tenn.App. 1981); *Sherrill v. Mallicote*, 57 Tenn.App. 241, 417 S.W.2d 798, 802 (1967).

It is apparent from the record that the marriage of Rhubel and Ruth McClure was neither typical nor happy. The plaintiff alleged as grounds for divorce that her husband was guilty of cruel and inhuman treatment as a result of his severe alcoholism. The divorce complaint was filed in 1983, yet she and Rhubel had not lived together as man and wife since 1978, more than four and a half years. Although Rhubel took some of his meals at the plaintiff's residence and they went on occasional weekend trips together, the marriage had been over, in effect, since 1978. In this regard, this Court's observations in *Warren, supra*, are relevant:

> The widow's attorney insists that this strained relationship is a factor which aids in establishing fraudulent intent ... We would point out that a strained marriage relationship is a sword which cuts two ways. The surviving spouse could have been so inconsiderate, cold, and self-centered as to justify a transfer of property by the other spouse to those in whom he found solace, comfort, and care.

We do not necessarily approve of Mr. Warren's acts, but we are not trying a divorce lawsuit. We are determining whether the transfers were made with the intent to defeat the rights of the surviving spouse. The chancellor heard those people testify and observed their demeanor. He apparently found that the strained marriage relationship, taken in consideration of all other factors, did not establish a fraudulent intent on the part of the husband.

626 S.W.2d at 18.

We agree, as did the Court in *Warren*, that a strained marriage relationship does not, of itself, establish fraudulent intent.

 Before he and the plaintiff were married, as well as after they separated, Rhubel McClure lived with his aged parents. The plaintiff herself testified that her husband's relationship with his parents was good. It is not at all unusual for an adult child to make a gift of property to a parent. The love, concern, and appreciation Rhubel obviously felt for his mother is sufficient to establish a legitimate donative intent. Nevertheless, the plaintiff insists that because Florence McClure did not know the CDs were in her name, the gift was incomplete. We are of the opinion that when Rhubel put the CDs in his mother's name and placed them in safety deposit boxes belonging to his parents, delivery was accomplished and a valid gift completed. That Rhubel had access to the boxes is irrelevant to the fact of delivery.

 We also would point out that an important factor in determining whether a decedent intended to defeat the surviving spouse of her distributive share is whether, and to what extent the donor-spouse was anticipating death. In many cases the amount of time between the transfer and death is the only available evidence as to this factor. This is not the case here. Rhubel McClure died as a result of an automobile accident. The plaintiff introduced insubstantial evidence in an attempt to suggest that the accident was, in reality, suicide. She appears to attach no significance to the fact that her husband had a passenger in his vehicle when the accident occurred. We find that it strains credulity to believe that Rhubel McClure, assuming he was willing to take his own life, would thoughtlessly endanger the life of another in the process. We therefore find that he was not in anticipation of death when the transfers in question were made.

 We hold that Rhubel McClure had a legitimate donative intent in transferring the CDs to his mother and that the proof was insufficient to show that transfer was made with the intent to defeat the plaintiff of her distributive share. Thus, it would be wholly inappropriate to declare the funds held in trust for the plaintiff. The CDs are the rightful property of Florence McClure's estate.

The order of the trial court is affirmed. Costs of the appeal are adjudged against the appellant.

FARMER, J., and BROOKS McLEMORE, Special Judge, concur.