**Gracie Ann (Lewis) DENTON,**
**Plaintiff/Appellant,**

v.

**Robert Elliott DENTON and, Thomas**
**Sutton and wife, Jackie Sutton,**
**Defendants/Appellees.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 6, 1995.

Application for Permission to Appeal
Denied by Supreme Court
May 30, 1995.

W. Lee Lackey, Savannah, for plaintiff/appellant.

Dennis W. Plunk, Hopper & Plunk, P.C., Savannah, for defendant/appellee, Robert Elliott Denton.

Ron E. Harmon, Savannah, for defendants/appellees, Thomas Sutton and wife, Jackie Sutton.

FARMER, Judge.

The marriage of approximately 16 years between Gracie Ann Denton, the appellant, and Robert Elliott Denton, the appellee, ended in divorce. The parties agreed upon the distribution of personal property leaving the parties' marital home as the only disputed asset to be distributed by the court. The home was valued at between $55,000 and $57,000. Wife was awarded custody of the parties' 14 year old daughter. She was further awarded possession of the residence until the child reaches 18. At that time, the property is to be sold with Mr. Denton receiving twenty-five percent (25%) of the sale proceeds and Mrs. Denton seventy-five percent (75%). Twenty-five percent (25%) of the seventy-five percent (75%) awarded to Mrs. Denton was designated *alimony in solido.*

During the course of the marriage, Husband acquired and subsequently conveyed a one acre and a two acre tract of real estate. In addition to suing for divorce, Wife also brought suit against the grantees, Thomas Sutton and wife, Jackie Sutton, seeking to have the conveyances set aside on the basis that they were fraudulent.

The issues on appeal as framed by Appellant are:

1. Did the Chancellor err in failing to award Mrs. Denton the entire interest in the home of the parties?

2. Did the Chancellor err in failing to set aside the Deed to the Suttons and if not, did he err in failing to award Mrs. Denton that portion of the property they agreed to return, and did he err in failing to award Mrs. Denton a homestead interest in the property?

Husband worked on a towboat until suffering a disabling injury in 1983. His injury claim was not settled until 1988, during which time the parties suffered financial reversals. Approximately $230,000 was netted from the settlement. From that amount around $50,-000 went toward paying off the note on the marital residence. The sum of $34,000 was

placed in Wife's bank account and the remainder was placed in Husband's account. In addition, Husband and Wife received lump sum payments from the Social Security Administration in the amounts of $16,000 and $5,000 respectively. At the time of the trial in March 1983 virtually all of the money was gone. The chancellor stated that he could not discern from the evidence presented where all of the money was spent. After reviewing this record, we are in agreement with him.

■ Wife contends that the trial court erred in failing to award her all of the net proceeds from the sale of the marital residence. In making an equitable division of marital property, the court is to consider all relevant factors including those set forth in T.C.A. § 36–4–121(c). In determining spousal support, the court is to consider all relevant factors including those set forth in T.C.A. § 36–5–101(d)(1). The record indicates that Husband has been unable to work since his injury in 1983. He has an eighth grade education. Wife has an eleventh grade education with no apparent skills. Her only employment during the marriage has been occasional work cleaning homes for other people. Husband has income from social security of $812 per month. He was ordered to pay as monthly child support the child allotment from his Social Security check which is presently $203. The parties are equally responsible for insurance and property taxes. Wife's income from Social Security was to end upon divorce. At the time of the hearing, she was receiving $300 per month from a boarder but there was some question as to whether that would continue. After reviewing this record, we find the chancellor's distribution of marital property to be equitable and supported by a preponderance of the evidence. Husband did not appeal from the award of *alimony in solido.*

As to the second issue, the one acre and two acre tract were conveyed to Mr. Denton as the sole grantee while the parties were married. He conveyed these tracts by separate deeds to defendants Thomas Sutton and Jackie Sutton by deeds dated May 1989 and August 1990. The complaint seeking the divorce was filed by Mrs. Denton in January of 1991. Marital property is defined as:

(2)(b)(1)(A) ... all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

T.C.A. § 36–4–121.

■ The two tracts at issue were acquired by Mr. Denton during the course of the marriage but no longer owned by him as of the date of the filing of the complaint. Property no longer owned when the complaint is filed does not constitute marital property within the meaning of the statute except in the case of a fraudulent conveyance in anticipation of a complaint for divorce being filed. As this court stated in *McClure v. Stegall,* 729 S.W.2d 263 (Tenn.App.1987):

[A] court of equity in Tennessee has the power to set aside fraudulent conveyances that are made with the intent to defeat a spouse's right to alimony. *Nix v. Nix,* 57 Tenn. 546 (1873); *Taylor v. Taylor,* 6 Tenn.Civ.App. 268 (1915). This is because a husband or wife who is entitled or who may become entitled to alimony is considered a creditor of his or her spouse. *See Boils v. Boils,* 41 Tenn. 284 (1860); *Taylor, supra,* 6 Tenn.Civ.App. 268. The key is that the spouse's right to set aside a fraudulent conveyance is dependent on the existence of the right, whether actual or potential, to alimony. The spouse acquires this right to alimony, thus assuming the status of creditor, only when he or she receives a decree awarding alimony, *see Edwards v. Edwards,* 713 S.W.2d 642 (Tenn.1986) or when a valid claim for alimony is pending,

*see Krusenklaus v. Holland,* 219 Tenn. 30, 406 S.W.2d 163, 164 (1966). *McClure,* 729 S.W.2d at 265.

At the time the lots were conveyed, no claim for alimony was pending and no decree awarding alimony had been entered. Furthermore, the chancellor found that the conveyances by Mr. Denton were not made with the intent to defraud Mrs. Denton and further found adequate consideration was received. The affidavit of consideration contained in the deed from Mr. Denton to the Suttons on the two acre tract stated a consideration of $1,400. There was further consideration of certain items of personalty. The affidavit of consideration on the deed for the one acre tract is $5,300. On her affidavit of assets and liabilities filed in the trial court, Mrs. Denton valued the two acre tract at $1,200 and the one acre tract at $3,200. We do not find the evidence in this record to preponderate against the trial court's finding that the conveyances of these two tracts by Mr. Denton to the Suttons were not fraudulent conveyances. T.R.A.P. Rule 13(d).

■ Mrs. Denton contends that the chancellor erred in failing to award her a homestead interest in the two lots conveyed to the Suttons. The right of a prevailing party to homestead in a fault-based divorce action has been abolished. 1983 Tenn.Pub.Acts, Ch. 414 §§ 2 and 3.

■ Mrs. Denton next argues that the chancellor erred in failing to award her a portion of the driveway of the marital residence that was contained in one of the deeds to the Suttons. She did not seek this relief in her complaint. Furthermore, the basis for her argument is that the Suttons orally agreed to convey that portion. This relief requested is barred by the statute of frauds. T.C.A. § 29–2–101(a)(4). The judgment of the trial court is affirmed and the costs of this appeal are taxed to the appellant, for which execution may issue if necessary.

TOMLIN, P.J., (W.S.) and CRAWFORD, J., concur.