Wright, J.,
delivered the opinion of the Court.
This is an action upon a bond executed by the defendant, McKamy, to James N. Parks, on the 28th of June, 1856, for $166.50, payable in good bank notes.
There was proof tending to show, that this bond was executed as a fraudulent device, to hinder and delay the creditors of Parks in the collection of their debts, out of certain personal estate, which he pretended to sell to the defendant, and *298 in consideration of which the bond was given, when, in truth, he never received anything for the bond, and the property was never delivered to him, or intended to be; but the same was kept by Parks, and, subsequently, converted to his own use.
The Circuit Judge instructed the jury, that if the bond was given for the personal property of Parks, for the purpose of hindering, delaying and defrauding his creditors, or if the consideration had failed, the plaintiff could not recover. In this there is no error. No principle of law is better settled, than that an action will not lie to enforce a contract made in violation of a statute, or of the common law, or which is immoral in its character, or against public policy. The parties stand in equal guilt, and neither will receive the aid of a Court of Justice. In such a case, it is said, the defendant is in the better, that is, in the safer attitude, he being required to say, or do nothing; while his adversary is the actor, and has to show the case. The defendant, not because of any favor to him, but because he is such, can, upon well settled principles, allege and show the invalidity of the contract. This does not impair the rule that the parties to a conveyance to defraud creditors are bound by it, since neither can invoke the aid of a Court of Justice to undo it.
It is unnecessary to inquire whether the defence could have been made at the common law, the instrument sued on being under seal; because, under our system, the seal is immaterial. The consideration of a bond may be inquired into in a Court of Law, and defence made against its collection, because of its illegality, or want of consideration, as readily as to unsealed instruments.
In support of this opinion, we refer to Vincent v. Groom, 1 Yer., 430, and Allen v. Dodd, 4 Hum., 131.
The judgment of the Circuit Court will be affirmed.