Martin *v.* Crosby.

GEORGE W. MARTIN, Administrator, *v.* ANN CROSBY.

GIFT OF EXEMPT PROPERTY. *To defeat creditors. Administrator.* A gift of personal property exempt from execution to take effect at the death of the donor, the sole object of which is to defraud creditors. when the exemption has ceased to exist, may be set aside by the administrator of the donor, for the benefit of creditors.

FROM GIBSON.

Appeal in error from the Law Court at Humboldt. J. T. CARTHEL, J.

WARE & MARTIN for Martin.

RANKIN & RHODES for Crosby.

COOPER, J., delivered the opinion of the court.

The complainant, as administrator of the estate of Elizabeth Crosby, deceased, filed this bill, under the Code, sec. 2395, alleging the insolvency of the estate, and seeking, for the benefit of creditors, to set aside a conveyance of certain personal property made by the deceased to the defendant, upon the ground that the conveyance was fraudulent as to those creditors. Elizabeth Crosby was a widow, living and keeping house on land in which she had a dower estate, the defendant, her granddaughter and sole next of kin, being a member of her family. She owned some personal property, the greater part of which was exempt from execution. Two or three days before her death, and in anticipation of that event, being advised of the probably fatal termination of the disease under which she was then suffering, she made the conveyance in controversy. The instrument is in form a deed, conveying the property to the defendant upon the "present trust" and "express condition" that Elizabeth Crosby, the grantor, shall keep and enjoy the property during her life without paying anything for its use, and, after her death, the said Ann Crosby "shall or may lawfully hold and enjoy the above described property and dispose thereof, intending by this indenture to give the said Ann Crosby at my death absolute title to all of the aforesaid property."

Whether this instrument be considered as a testamentary disposition, or as a deed conveying the prop-

Martin v. Crosby.

erty to the defendant with the reservation of a life estate in favor of the grantor, it is, in effect, a gift of the property to the defendant to take effect at the death of the grantor.   The property conveyed was all that the grantor owned, and the gift was made in view of the speedy death of the grantor, and solely for the purpose of avoiding the payment of debts.   The intent is shown not merely by the proof of the witnesses to that effect, but by the fact that the donee was the sole next of kin of the grantor, and entitled to the estate after the payment of debts.   The gift is within the express prohibitions of the law:   Code, secs. 1759, 1760. The exemption from legal process only existed during the life of the grantor.   After her death, the property became liable for her debts, and a gift only intended to confer upon the donee a beneficial interest upon the happening of that event cannot be sustained.

The chancellor's decree will be affirmed, and the cause remanded for its execution.   The appellant will pay the costs of this court, the residue of the costs to abide the orders of the chancellor.