**Jonathan Andrew Lee PERKINS, Jr.**

v.

**Sarah Ella BRUNGER, State of Tennessee, Bureau of TennCare.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

April 15, 2009 Session.

June 10, 2009.

Published Pursuant to R. 11, Tennessee Court of Appeals.

E. Covington Johnston and J. Timothy Street, Franklin, Tennessee, for the appellant, Sarah Ella Brunger.

Joseph A. Woodruff, Paul A. Gontarek and Michael A. Gardner, Nashville, Tennessee, for the appellee, Jonathan Andrew Lee Perkins, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter, and Sue A. Sheldon, Senior Counsel, for the State of Tennessee, Bureau of TennCare.

## OPINION

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

The sole beneficiary of a decedent filed this action against Defendant to set aside as fraudulent two conveyances of real property to Defendant. The Bureau of TennCare, which had provided benefits to the decedent while a nursing home resident, intervened as a creditor of the decedent alleging that the gratuitous conveyances were fraudulent under Tenn.Code Ann. § 66-3-308, the Uniform Fraudulent Transfer Act (the "UFTA"), because they rendered the nursing home resident insolvent. It is undisputed that while a nursing home resident, the resident, now deceased, was receiving TennCare benefits at the time of the conveyances and that the conveyances rendered him insolvent. Plaintiff and TennCare filed a joint motion for summary judgment. The trial court granted summary judgment in favor of Plaintiff and TennCare on the ground that the quit-claim deeds were fraudulent conveyances under the UFTA. The court declared both conveyances null and void and ordered that title be vested in the decedent's estate. Defendant appealed alleging that Plaintiff was not entitled to relief because the UFTA only affords relief to creditors against their debtors and Plaintiff was not a creditor. As for TennCare, which is a creditor, Defendant contends it was error to set aside both conveyances as TennCare's remedy under Tenn.Code Ann.

§ 66-3-308 was limited to avoiding the transfer to the extent necessary to satisfy TennCare's claim. We have determined that the remedies a creditor may obtain under the UFTA as a result of transfers that rendered the debtor insolvent include: avoidance of the transfer to the extent necessary to satisfy the creditor's claim; attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by title 26; injunctive relief against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or any other relief the circumstances may require. Further, if the creditor has obtained a judgment on a claim against the debtor, if the court so orders, the creditor may levy execution on the asset transferred or its proceeds. We, therefore, have concluded that the trial court erred by granting summary judgment in favor of Plaintiff under the UFTA, as Plaintiff is not a creditor, and that judgment in favor of TennCare should be modified to afford TennCare relief to the extent necessary to satisfy TennCare's claim, which may or may not necessitate setting aside both conveyances.

This action arises from the conveyance of two parcels of land from a resident in a nursing home to his sister. Jesse Perkins ("Mr. Perkins") was one of eight children, all of whom were born and raised on the family farm in rural Williamson County. The farm, which was owned by their parents, covered approximately 350 acres. Mr. Perkins suffered severe burns as a child, which left him permanently handicapped. As a result, he remained on the family farm the majority of his life.

Following the death of his parents, the family farm was partitioned among the

eight children. Two sizeable tracts of the farm were conveyed to Mr. Perkins. A third tract, that was adjacent to the two parcels he acquired previously, was conveyed to him in May of 1975.

One of Mr. Perkins' siblings, Sarah Perkins Brunger (hereinafter "Defendant"), was also raised on the family farm, and like her siblings, she too received a portion of the farm as a result of the partition.

In May 2002, Mr. Perkins suffered his first stroke. He was treated at the Williamson County Hospital and afterwards recuperated at a nursing home for seven days. During this period of recuperation, Defendant helped Mr. Perkins apply for TennCare benefits to cover his healthcare costs.[1] Two months later, in July 2002, Mr. Perkins suffered a second stroke, after which, he was treated again at the Williamson County Hospital and underwent surgery at St. Thomas Hospital. While in the hospital prior to his surgery, Mr. Perkins' nephew, Jonathan Perkins (Plaintiff) traveled from Green Bay, Wisconsin to visit his uncle, after being summoned by Mr. Perkins for the purpose of having a will drawn. Mr. Perkins executed the will leaving his entire estate to Plaintiff. Following his surgery, Mr. Perkins was discharged to the NHC nursing home facility in Dickson, Tennessee, where he remained for the next three years until his death.

Defendant visited Mr. Perkins in the nursing home on July 30, 2002, for the purpose of having Mr. Perkins execute two quitclaim deeds and a durable power of attorney she had prepared.[2] The quitclaim deeds conveyed all of Mr. Perkins' real estate to Defendant for no consideration.[3] The durable power of attorney appointed Defendant as Mr. Perkins' attorney-in-fact. Mr. Perkins executed all three documents with the assistance of an employee of the nursing home who was a notary public. Defendant recorded the deeds that same day thereby conveying all of Mr. Perkins' real estate to her.

The Department of Human Services terminated Mr. Perkins' TennCare benefits on April 18, 2005, when it learned that Mr. Perkins had conveyed all of his real estate to Defendant. As Mr. Perkins' attorney-in-fact, Defendant filed an appeal of that decision. Mr. Perkins died two months later before the appeal could be heard.

Mr. Perkins died on June 5, 2005.[4] Following his death, Plaintiff, who was the sole beneficiary of Mr. Perkins' estate, filed this action in Williamson County Chancery Court seeking to set aside the quitclaim deeds transferring all of Mr. Perkins' real property to Defendant. Plaintiff alleged that the conveyances should be set aside based on Defendant's exercise of undue influence over Mr. Perkins, Mr. Perkins's lack of mental capacity to execute the deeds, and the assertion that the conveyances were fraudulently made for the purpose of avoiding Mr. Perkins' obligation to TennCare. TennCare timely filed an Intervening Complaint al-

---

1. Although Mr. Perkins owned valuable real estate, that property was deemed "exempt property" for the purposes of eligibility for TennCare benefits, and Mr. Perkins was eligible for TennCare benefits because he had essentially no liquid assets.

2. Defendant purchased the quitclaim deeds and power of attorney forms from an office supply store, and with the assistance of her daughter-in-law, filled them in prior to bringing the forms to the nursing home.

3. The deeds stated that the consideration paid for each conveyance was one dollar.

4. Mr. Perkins' will was admitted to probate and Stephen Charles Harris was appointed Executor of the estate. TennCare timely filed a claim in the probate court, on September 19, 2005, in the amount of $102,875.46 to recover the benefits paid on behalf of Mr. Perkins.

leging that Mr. Perkins' was indebted to TennCare at the time of the conveyances and that the conveyances rendered Mr. Perkins insolvent; therefore, TennCare was entitled to relief under the Uniform Fraudulent Transfer Act.[5]

Plaintiff and TennCare filed a Joint Motion for Summary Judgment. Following a hearing, the trial court granted their motion finding that there were no genuine issues of material fact; that Mr. Perkins did not receive the reasonably equivalent value in exchange for the transfer of property; that the transfers rendered Mr. Perkins effectively insolvent; that Mr. Perkins intended to incur or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; and that Plaintiff and TennCare were entitled to relief under the Uniform Fraudulent Transfer Act. The court then declared the quitclaim deeds null and void, divested title out of Defendant, and ordered that title be vested in the estate of Mr. Perkins. Defendant appeals.

### ANALYSIS

Defendant's primary contentions are: (1) the Uniform Fraudulent Transfer Act ("UFTA"), Tenn.Code Ann. § 66–3–301, *et seq.*, only affords remedies to creditors of debtors; (2) Plaintiff was never a creditor of Mr. Perkins, thus Plaintiff is not entitled to relief under the UFTA; and (3) as a creditor of Mr. Perkins, TennCare's remedies are limited to the extent necessary to satisfy TennCare's claim, which Defendant insists does not require setting aside both conveyances.

### THE UNIFORM FRAUDULENT TRANSFER ACT

The UFTA provides that a transfer made or obligation incurred by a *debtor* is fraudulent as to a *creditor*, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

> (1) With actual intent to hinder, delay, or defraud any *creditor* of the *debtor*; or
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the *debtor*:
>
> > (A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the *debtor* were unreasonably small in relation to the business or transaction; or
> >
> > (B) Intended to incur, or believed or reasonably should have believed that the *debtor* would incur, debts beyond the *debtor's* ability to pay as they became due.

Tenn.Code Ann. § 66–3–305(a) (2008) (emphasis added). If the creditor can establish that the transfer was fraudulent as to the creditor, the relief to which the creditor is entitled under the UFTA is specifically set forth in Tenn.Code Ann. § 66–3–308(a). That section reads as follows:

> (a) In an action for relief against a transfer or obligation under this part, a *creditor*, subject to the limitations in § 66–3–309, may obtain:
>
> > (1) Avoidance of the transfer or obligation *to the extent necessary to satisfy the creditor's claim;*
> >
> > (2) An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by title 26;
> >
> > (3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

---

5. This statute was previously entitled the Uniform Fraudulent Conveyances Act, but that Act was deleted in its entirety and replaced with the Uniform Fraudulent Transfer Act effective July 1, 2003.

(A) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

(B) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

(C) Any other relief the circumstances may require.

(b) If a *creditor* has obtained a judgment on a claim against the *debtor*, the *creditor*, if the court so orders, may levy execution on the asset transferred or its proceeds.

Tenn.Code Ann. § 66–3–308(a) (2008) (emphasis added).

■ A close review of the UFTA clearly reveals that the remedies provided under the UFTA are limited to *creditors* of *debtors*. Plaintiff, the sole beneficiary of Mr. Perkins' estate, however, is not and never has been a creditor of Mr. Perkins. Therefore, as Defendant correctly contends, Plaintiff is not entitled to any relief under the UFTA. Accordingly, to the extent the summary judgment awarded relief to Plaintiff pursuant to the UFTA, the judgment must be modified.

As for TennCare's claim, the trial court determined that:

E.   Jesse Perkins did not receive reasonably equivalent value in exchange for the transfer of the Perkins Property.

F.   Jesse Perkins intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

G.   The transfer of the Perkins Property is therefore fraudulent as to the State of Tennessee and the Bureau of TennCare, as creditors of Jesse Perkins.

The UFTA clearly provides that the relief a creditor may obtain is limited to avoidance of the transfer "to the extent

necessary" to satisfy the creditor's claim; attachment or other provisional remedy against the asset transferred or other property of the transferee, in accordance with the procedure prescribed by title 26; injunctive relief against further disposition by the transferee of the asset transferred or of other property; appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or any other relief the circumstances may require.  Tenn.Code Ann. § 66–3–308(a) (2008).

Defendant admits TennCare is entitled to be paid; therefore, once TennCare obtains a judgment in the amount of its claim, by order of the court, TennCare may levy execution on the real property, as the asset transferred, or its proceeds. TennCare's remedy, however, is limited to the extent necessary to satisfy its claim. *See* Tenn.Code Ann. § 66–3–308(a)(1).

Although Defendant admits TennCare is entitled to be reimbursed for the amount of its lawful claim, Defendant has not conceded the amount of TennCare's claim. The trial court did not award a specific monetary judgment in favor of TennCare and the record does not reveal the exact amount of TennCare's claims.  We, therefore, remand this matter to the trial court to determine the amount TennCare is entitled to recover as a creditor of Mr. Perkins, award a judgment in favor of TennCare in that amount, and then determine how to satisfy the monetary judgment awarded to TennCare pursuant to the criteria and remedies set forth in Tenn.Code Ann. § 66–3–308(a).

### AVOIDANCE AND NULLIFICATION OF BOTH DEEDS BASED ON FRAUD

■ As for the trial court's determination that both of the conveyances are "null and void," we have determined the record is insufficient to support that determina-

tion and remedy. Whether one or both of the conveyances should be deemed null and void may depend on whether the conveyances were part of a fraudulent scheme with an "actual intent to hinder, delay, or defraud." *See In re Conservatorship of Groves*, 109 S.W.3d 317, 352–54 (Tenn.Ct. App.2003). In *Groves*, this court found that the transfers were made as part of a "fraudulent scheme" to qualify the grantor for governmental benefits and the *Groves* court made the specific finding that the evidence in the record demonstrated that the transfers were made "with an intent to delay, hinder, or defraud a creditor."[6] *Id.* at 354 (citing Tenn.Code Ann. § 66–3–308 (1993)). It was upon the finding of actual intent to defraud and public policy that the *Groves* court declared the transfers "clearly and utterly void." *Id.*

■ Unlike in *Groves*, Mr. Perkins was receiving TennCare benefits when the conveyances were made. Moreover, the trial court did not make a specific finding that the conveyances were the result of actual intent to defraud, and we have determined the evidence in this record is insufficient for this court to make such a determination, especially at the summary judgment stage. Whether the Plaintiff has standing and/or a viable cause of action based upon the actual intent to defraud will have to be determined on remand.[7]

### PLAINTIFF'S CLAIMS

Plaintiff asserts other claims for relief against Defendant in addition to the claim under the UFTA. One is based on the statutory scheme regarding "fraudulent conveyances and devices" set forth in Tenn.Code Ann. § 66–6–101 *et seq.;* one is the claim that Mr. Perkins lacked the requisite mental capacity to convey the property; and another is the claim that Mr. Perkins was unduly influenced by Defendant to convey the property to her.

■ We have already determined that Plaintiff is not entitled to relief under the UFTA because Plaintiff is not a creditor of Mr. Perkins. For the same reason, we have determined that Plaintiff is not entitled to relief under the "fraudulent conveyances and devices" statutory scheme set forth in Tenn.Code Ann. § 66–3–101 *et seq.* The rights and remedies afforded under Tenn.Code Ann. § 66–3–101 *et seq.* are expressly reserved for "creditors or purchasers." *Id.* As this court concluded twenty years ago in *McClure v. Stegall*, 729 S.W.2d 263 (Tenn.Ct.App.1987), the expectant beneficiary—the widow who was not a creditor—did not have standing to assert a claim that her husband's transfer of property was a fraudulent conveyance under Tenn.Code Ann. § 66–3–101, because she was not a creditor. Plaintiff is neither a creditor nor purchaser. Therefore, Plaintiff does not have standing to

6. In *Groves*, this court found two grounds to set aside the transfer of a $100,000 certificate of deposit. First, the court found that undue influence was exerted in obtaining the gifts; secondly, the court found that the gift was made as part of a "fraudulent scheme" to qualify the grantor for governmental benefits. *In re Conservatorship of Groves*, 109 S.W.3d 317, 352–53 (Tenn.Ct.App.2003).

7. A grantor, or his personal representative, cannot set aside the fraudulent conveyance based upon his own fraud. *See Harton v. Lyons*, 97 Tenn. 180, 36 S.W. 851 (1896);

*Parks v. McKamy*, 40 Tenn. (3 Head) 297 (1859); *Searcy v. Carter*, 36 Tenn. (4 Sneed) 271 (1856); *Maley v. Barrett*, 34 Tenn. (2 Sneed) 501 (1855); *Sharp v. Caldwell*, 26 Tenn. (7 Hum.) 415 (1846); *Moody v. Fry*, 22 Tenn. (3 Hum.) 567 (1842); *Lassiter v. Cole*, 27 Tenn. (8 Hum.) 621 (1848); *Walker v. McConnico*, 18 Tenn. (10 Yer.) 228 (1836). However, a gift, the purpose of which is to defraud creditors, "may be set aside by the administrator of the donor, *for the benefit of creditors.*" *See* 1 Tenn. Juris., *Fraudulent and Voluntary Conveyances*, § 40 (2004) (citing *Martin v. Crosby*, 79 Tenn. 198 (Tenn.1883)).

assert a claim that Mr. Perkins' conveyances were fraudulent conveyances under Tenn.Code Ann. § 66–3–101 *et seq.*

As for Plaintiff's other claims, for rescission of the deeds because Mr. Perkins lacked the requisite mental capacity to convey the property, for rescission of the deeds because Mr. Perkins was unduly influenced by Defendant to convey the property to her, and for avoidance and nullification of the deeds because the conveyances were orchestrated by Defendant for other fraudulent purposes thereby defeating Plaintiff's claim to his inheritance, those claims survive as the trial court has not ruled on them. We, therefore, remand the surviving claims, along with all other issues not resolved by this opinion, to the trial court for further proceedings.

### In Conclusion

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Jonathan Perkins and Sarah Brunger, equally.